UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DIANE WELLS                                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:10-CV-00376

CRAIG & LANDRETH CARS, INC., et al.                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of defendant Capital One Auto Finance, Inc. ("Capial One") to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, defendant's motion will be **GRANTED**.

## BACKGROUND

In January 2010, plaintiff Diane Wells visited Craig & Landreth Cars, a car dealer in Louisville, Kentucky, and signed a purchase order for a 2007 Mitsubishi. Wells claims she told Craig & Landreth at the time that she would seek financing for the car on her own from L&N Federal Credit Union. She claims she never filled out a credit application with Craig & Landreth and asserts that "she did not ask for their assistance in any documented form for financing the vehicle." Pl.'s Second Amended Compl. ¶¶ 5–6. Wells claims that Craig & Landreth nonetheless made an electronic application for credit on her behalf with several lenders, including Capital One. After receiving the application, Capital One made an inquiry into Wells' credit history – which included a Chapter 13 bankruptcy – and declined to extend her credit.

Wells alleges that Capital One's actions violated the Kentucky Consumer Protection Act (KCPA), KRS § 367.170 *et seq.*, Kentucky's Uniform Electronic Transactions Act (KEUTA),

KRS § 369.101 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*[1] Capital One has moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) because Wells' complaint fails to meet the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, or, alternatively, to dismiss Wells' claim under 15 U.S.C. § 1681b because it does not state a claim upon which relief can be granted.

## ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be found plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Mere "'labels and conclusions,'" or "'a formulaic recitation of the elements of a cause of action'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

None of the claims made in Wells' complaint satisfies the Rule 8 standard. First, her allegations with respect to the Kentucky Consumer Protection Act, the Kentucky Uniform Electronic Transactions Act, and the Equal Credit Opportunity Reporting Act all fail because they consist of nothing but conclusory statements that the defendants violated these laws. Wells

---

[1]Wells also makes a claim for common-law invasion of privacy. However, in her complaint, she alleges only that Craig & Landreth committed this tort – not Capital One. *See* Pl.'s Second Amended Compl. ¶ 22.

asserts in her complaint that "Capital One Auto Finance . . . violated . . . KRS 367.170 [the Kentucky Consumer Protection Act]." Pl.'s Second Amended Compl. ¶ 12, but does not present any facts that would allow this court to infer that Capital One acted in an "unfair, false, misleading, or deceptive" manner as required under KRS § 367.170. Similarly, Wells makes the bare assertion that the KEUTA applies to this case and alleges that "[i]f the parties are relying on electronic permission or electronic application then they should have followed Kentucky's Electronic Transaction [sic] Act," Pl.'s Second Amended Compl. ¶ 12. However, she provides no additional facts to support this conclusion. Her claims under both of these statutes fail to comply with the requirements of Rule 8 and must therefore be dismissed.

Wells' claim for Capital One's violation of the Equal Credit Opportunity Reporting Act, 15 U.S.C. § 1691 *et seq*., must also be dismissed. Specifically, Wells claims that the "Defendants" (a group which presumably includes Capital One) violated § 1691 and several regulations pertaining to it. Pl.'s Second Amended Compl. ¶ 17. Wells specifically alleges that the defendants violated 12 C.F.R. § 202, Appendix B by failing to use a credit application like those shown in the regulations. *Id.* However, Appendix B makes clear that the forms it depicts are intended to be examples only and that their use by creditors is optional. *See* 12 C.F.R. § 202, Appendix B. Thus, failure by any defendant to use the forms shown in the Appendix cannot be grounds for a violation of the statute.

Furthermore, Wells has pleaded no fact anywhere in her complaint that shows she is entitled to relief for Capital One's alleged violation of § 1691 itself. Section 1691 outlaws certain discriminatory activities on the part of lenders, such as refusing to extend credit to a borrower due to the borrower's race, religion, sex, or marital status or because the borrower receives

public assistance. 15 U.S.C. § 1691(a). However, at no point does Wells allege any facts that would indicate that Capital One's denial of credit was in any way discriminatory; she has failed to show she would be entitled to relief under 15 U.S.C. § 1691 and her claim under this statute must be dismissed.

Finally, Wells' claims under § 1681b must also be dismissed because she fails to allege any facts that would show Capital One may have violated the statute. Section 1681b allows a lender to access a potential borrower's credit report if the lender has reason to believe the information is to be used "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). *See also id.* § 1681b(f)(1).

Here, Wells claims that Capital One conducted its inquiry into the credit history of Wells (a consumer) upon receipt of an application – allegedly on her behalf – from Craig & Landreth (a dealer in consumer goods), in connection with apparently securing financing for a vehicle. These facts indicate nothing that would raise the inference that Capital One should have doubted Craig & Landreth's intentions when it submitted its application. Although Wells claims in her Response to Capital One's motion that the transaction was meant to be a "cash sale," she points to no fact that shows Capital One knew or should have known of her intentions. Absent any allegation that the application Capital One received from Craig & Landreth was deficient in some way or that Capital One should have had reason to believe the application was unauthorized, Wells' claim under this statute may not proceed.

"Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Here, Wells has provided nothing beyond conclusory assertions of illegal conduct on the part of Capital One. She offers no facts that would permit the court to draw a reasonable inference that Capital One committed the violations she alleges. Therefore, her claims against Capital One will be dismissed.

A separate order will issue in accordance with this opinion.