UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DIANE WELLS                                                                                                         PLAINTIFF

v.                                                                                    CIVIL ACTION NO. 3:10-CV-00376

CRAIG & LANDRETH CARS, INC., *et al.*                                                           DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on the motion of defendants Kentucky Telco Federal Credit Union ("Telco") and J.P. Morgan Chase Bank, N.A. Auto Finance ("Chase") to dismiss (DN 51). The plaintiff has responded (DN 54) and defendants have replied (DN 59). After obtaining leave to do so from the court, the plaintiff has also filed an additional response (DN 66), to which the defendants have replied (DN 67). For the reasons set forth herein, the defendants' motion will be **GRANTED**.

### BACKGROUND

In January 2010, plaintiff Diane Wells visited Craig & Landreth Cars, a car dealership in Louisville, Kentucky, and signed a purchase order for a 2007 Mitsubishi. Pl.'s Second Amended Compl. ¶¶ 3–4. Wells claims she told Craig & Landreth at the time that she would seek financing for the car on her own from L&N Federal Credit Union. *Id.* at ¶ 5. She claims she never filled out a credit application with Craig & Landreth and asserts that "she did not ask for their assistance in any documented form for financing the vehicle." *Id.* at ¶ 6. Wells claims that Craig & Landreth nonetheless applied for credit on her behalf with several lenders, including Telco and Chase. *Id.*

¶ 7. Telco and Chase both made inquiries into Wells' credit history – which included a Chapter 13 bankruptcy – and declined to extend her credit. *Id.* ¶¶ 8–9.

Wells claims that the actions of Chase and Telco violated the Kentucky Consumer Protection Act, KY. REV. STAT. § 367.170; the Kentucky Uniform Electronic Transactions Act, KY. REV. STAT. § 369.101 *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1691 *et seq.*; and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, and several of its accompanying regulations.[1] Telco and Chase have moved to dismiss all of Wells' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for failing to comply with the Rules' minimum pleading requirements.

## ANALYSIS

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). The motion must be denied "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (quoting *Nishiyama v. Dickinson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

---

[1]Wells asserted in her initial complaint that the defendants had also violated the Graham-Leach-Bliley Act, 15 U.S.C. § 6803, but did not include this claim in her Second Amended Complaint. Wells also makes a claim for common-law invasion of privacy, but alleges only that Craig & Landreth committed this tort – not Chase or Telco. *See* Pl.'s Second Amended Compl. ¶ 22.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be found plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Id.* (quoting *Twombly,* 550 U.S. at 555).

## I. Kentucky Consumer Protection Act

The Kentucky Consumer Protection Act makes unlawful "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KY. REV. STAT. § 367.170(1). Although Wells asserts that Chase and Telco "violated . . . KRS 367.170 [the Kentucky Consumer Protection Act]," Pl.'s Second Amended Compl. ¶ 12, she does not plead any fact that would allow this court to infer that either defendant acted in an "unfair, false, misleading, or deceptive manner." Wells argues in her second response (DN 66) that Craig & Landreth violated Kentucky law by "falsely apply[ing]" for credit on her behalf, and apparently attempts to impute Craig & Landreth's conduct to Chase and Telco by arguing that the three entities "are all agents of one another." Pl.'s Additional Reply (DN 66), at 4. Wells has, however, provided no evidence that Chase and Telco are agents of Craig & Landreth (or vice versa), nor has she made this allegation in her complaint.

Finally, Wells notes in her second response that Chase and Telco had no "permissible use" for her credit report, presumably because Craig & Landreth allegedly failed to get Wells' permission to apply for credit on her behalf. Wells does not, however, explain how Craig &

Landreth's alleged lack of authorization could constitute an "[u]nfair, false, misleading, or deceptive" act on the part of Chase and Telco, who were mere recipients of the information provided by Craig & Landreth.

Because Wells has not alleged any fact that would lead to a reasonable inference that Chase or Telco violated the Kentucky Consumer Protection Act, the defendants' motion to dismiss this claim will be granted.

## II. Kentucky Uniform Electronic Transactions Act

In her Second Amended Complaint, Wells makes the bare assertion that the Kentucky Uniform Electronic Transactions Act (KUETA), KY. REV. STAT. § 369.101 *et seq.*, applies and alleges "[i]f the parties are relying on electronic permission or electronic application then they should have followed Kentucky's Electronic Transaction [sic] Act," Pl.'s Second Amended Compl. ¶ 12. However, Wells does not cite any additional facts to support this conclusion, and is unclear how the statute, which sets forth regulations and procedures relating to electronic signatures and records, would apply to this case. Moreover, Wells acknowledges in her complaint that "this section has no liability for violation enforcement." *Id.* at ¶ 12. The court concludes that Wells has failed to state a claim upon which relief can be granted with respect to the KUETA.

## III. Fair Credit Reporting Act

The Fair Credit Reporting Act (FCRA) allows users (such as potential lenders) to access consumers' credit reports only if the access is for a "permissible purpose." *See Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 815 (W.D. Ky. 2003). One such permissible purpose allows a lender to access a consumer's credit report if the lender has reason to believe that the

information is to be used "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). *See also id.* § 1681b(f)(1).

In her complaint, Wells states her FCRA claims against Chase and Telco as follows:

> Capital One Auto Finance, J.P. Morgan Chase Bank and Kentucky Telco Fed. Credit Union received an electronic application for credit from Craig and Landreth. That electronic application was not authorized by the Plaintiff. The Plaintiff never filled out nor signed a credit application. There was no verification that a credit application was on file.

> Pl.'s Second Amended Compl. ¶ 19.

In another part of her complaint, Wells also alleges that Chase and Telco's actions violated the "permissible use" provisions of § 1681b, Compl. ¶ 14, but does not allege any additional facts.

In November 2010, this court granted another potential lender's motion to dismiss Wells' FCRA claim, explaining that

> Here, Wells claims that Capital One conducted its inquiry into the credit history of Wells (a consumer) upon receipt of an application – allegedly on her behalf – from Craig & Landreth (a dealer in consumer goods), in connection with apparently securing financing for a vehicle. These facts indicate nothing that would raise the inference that Capital One should have doubted Craig & Landreth's intentions when it submitted its application. Although Wells claims in her Response to Capital One's motion that the transaction was meant to be a "cash sale," she points to no fact that shows Capital One knew or should have known of her intentions. Absent any allegation that the application Capital One received from Craig & Landreth was deficient in some way or that Capital One should have had reason to believe the application was unauthorized, Wells' claim under this statute may not proceed.

> Memorandum Opinion (DN 49) at 4.

The reasoning that supported granting Capital One's motion to dismiss applies equally to Chase and Telco's motion to dismiss. Wells makes several attempts to differentiate the actions of

Chase and Telco from those of Capital One, but the court finds them unconvincing. Wells argues that Chase and Telco had the capacity to receive copies of signed credit applications from Craig & Landreth, but did not receive one from Wells before inquiring into her credit history. Wells appears to claim that the lack of a signed credit application should have alerted Chase and Telco that Wells had not given her permission for a credit application to be submitted on her behalf. However, Wells does not identify, nor has the court found, any provision of the FCRA that requires receipt of a signed, written credit application in order for a lender to have "reason to believe" that the consumer's credit report is to be used for a permissible purpose. Other courts have held that "conclusive proof" of a permissible purpose is not required for a user to avoid violation of the FCRA, *see Korotki v. Attorney Svcs. Corp., Inc.*, 931 F. Supp. 1269, 1278 (D. Md. 1996); rather, only a "reason to believe" is required. *Id.* Given the facts as alleged in Wells' complaint, the court concludes that Chase and Telco had reason to believe that they were acquiring Wells' credit information for a permissible purpose.

Wells also argues that because Chase, Telco, and Craig & Landreth are represented by the same attorney, all three entities must "rise or fall together," but she cites no authority in support of this statement. Additionally, she points to a number of alleged deficiencies in the defendants' discovery responses, which have no bearing on the adequacy of her complaint and therefore no bearing on her motion to dismiss. Finally, Wells points to a number cases and Federal Trade Commission opinion letters whose law and facts are inapposite to those in this case. These materials do nothing to support her opposition to Chase and Telco's motion to dismiss.[2]

---

[2]Wells also appears to claim (for the first time in her second response brief) that Chase and
continue...

Because Wells has failed to plead any fact that would support the conclusion that Chase and Telco lacked "reason to believe" that they were inquiring into Wells' credit for a permissible purpose under the FCRA, Wells' claims pursuant to this statute must be dismissed.[3]

**IV. Equal Credit Opportunity Act**

The Equal Credit Opportunity Act outlaws discrimination by creditors against any applicant on the basis of race, color, religion, national origin, sex, marital status, or age; because the applicant receives income from public assistance; or because the application exercises in good faith any rights under the Act. 15 U.S.C. § 1691(a). Wells appears to assert in her Second Amended Complaint that Chase and Telco violated this Act, *see* Pl.'s Second Amended Compl. ¶ 17, but she has not alleged any fact that would raise an inference that Chase and Telco's denial of credit to her was due to a discriminatory motive.

---

[2]...continue
Telco were bound to – and failed to – comply with 31 U.S.C. § 5318(l). This claim, if it is in fact being raised, is meritless. The statute Wells points to (a provision of the USA PATRIOT Act), directs the Secretary of the Treasury to promulgate regulations that set forth "minimum standards for financial institutions and their customers regarding the identity of the customer that shall apply in connection with the opening of an account . . . ." 31 U.S.C. § 5318(l)(1). Because this statute addresses only behavior by the Secretary of the Treasury, Chase and Telco could not have violated it.

[3] In her second response, Wells specifically questions why this court did not cite *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808 (W.D. Ky. 2003) or *Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998), in its prior opinion granting Capital One's motion to dismiss. *See* DN 66 at 6. The answer to Wells' query is, as Chase and Telco note, that neither of these cases applies to the situation at bar. *Smith* addressed the FCRA liability of a car dealership that accessed a potential purchaser's credit report, allegedly in order to see how much money the potential buyer still owed on a vehicle he planned to trade in. *Smith*, 275 F. Supp. 2d at 812–14. The court in *Smith* held that this inquiry was not a "permissible purpose" under the FCRA. *Duncan* addressed the FCRA liability of an attorney who accessed an opposing party's credit report as part of his preparation for trial. *See Duncan*, 149 F.3d at 426. The court in *Duncan* held that trial preparation was not a "legitimate business need" that gave rise to a "permissible purpose" under the FCRA. *Id.* at 427–28. Neither of these cases addressed the question of whether lenders had reason to believe they were accessing a consumer's credit report in connection with a credit transaction.

Wells also alleges that the defendants violated Appendix B to 12 C.F.R. § 202, a regulation promulgated pursuant to the Equal Credit Opportunity Act. Appendix B contains model credit application forms that Wells claims "were not used and were ignored by the Defendants." Pl.'s Second Amended Compl. ¶ 17. However, Appendix B makes clear that the forms it depicts are intended as examples only and that their use by creditors is optional. *See* 12 C.F.R. § 202, Appendix B. Thus, any failure by Chase and Telco to use the forms shown in the Appendix do not give rise to a violation of the statute, and dismissal of this claim is proper.

## CONCLUSION

For the foregoing reasons, Chase and Telco's motion to dismiss will be **GRANTED**. A separate order will issue in accordance with this opinion.