UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DIANE WELLS                                                                                              PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:10-CV-00376

CRAIG & LANDRETH CARS, INC., *et al.*                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of defendant Craig and Landreth Cars, Inc., to strike plaintiff Diane Wells' expert witness disclosure and preclude any testimony by Wells' proposed expert, Don Coker (DN 95).

As set forth in Wells' second amended complaint (DN 46), Wells alleges that in January 2010, she visited Craig and Landreth, a car dealership in Louisville, Kentucky, and signed a purchase order for a 2007 Mitsubishi vehicle. Wells claims that she told Craig and Landreth that she planned to apply for financing from a credit union and she did not fill out a credit application with Craig and Landreth or ask for any assistance with financing from Craig and Landreth. Wells alleges that Craig and Landreth nonetheless applied for credit for her from various financing companies, each of whom denied credit for her. Wells brought claims against Craig and Landreth for violating the Fair Credit Reporting Act and its accompanying regulations, the Equal Credit Opportunity Act, the Kentucky Consumer Protection Act, and the Kentucky Uniform Electronic Transactions Act, and for the tort of violating her privacy.[1]

---

[1] Wells also asserted claims against various financial institutions and a credit reporting agency. The claims against those defendants have been dismissed.

In an order dated August 31, 2011, Magistrate Judge James D. Moyer granted a motion made by Wells for an extension of time to disclose an expert witness (DN 92). The order provided that Wells would have until September 6, 2011, to disclose an expert and shall use the additional time granted to ensure that her disclosure fully complies with all requirements under the Federal Rules of Civil Procedure and any orders of this court as they relate to [her] duties in disclosing her experts." On September 6, 2011, Wells sent Craig and Landreth a document entitled, "Expert Witness Disclosure." That document stated that Don Coker would be serving as an expert witness for Wells; a lengthy CV for Coker was attached. However, the document also informed Craig and Landreth that Wells had not received a written report from the expert, that the expert had not yet reviewed the depositions in the case, and that Wells did not yet have a list of all the cases in which Coker testified during the last four years. The document provided that Wells would supplement the disclosure when she had additional information to supply.

Craig and Landreth moved to strike Wells' expert witness disclosure on the basis that Wells failed to comply with the dictates of Rule 26 of the Federal Rules of Civil Procedure. Wells responded to that motion by stating that she did not have the funding to pay Coker's fee, and thus Coker would not be testifying as an expert for her. Wells added that she was seeking an expert to testify "without any cost or expense."[2]

The motion by Craig and Landreth's to strike Wells' expert witness disclosures pertaining to Coker will be granted. As Craig and Landreth point out, Wells' purported expert witness

---

[2] Wells also averred in her response papers that Craig and Landreth's attorney had agreed to allow Wells a reasonable period of time to search for a new expert, and Wells hoped that the search would be completed by April 27, 2012. In Craig and Landreth's reply papers, it stated that it did not object to an extension of time until April 27, 2012, for Wells to obtain the services of a new expert.

disclosure of September 6, 2011, did not contain a written report prepared by the witness, as required by Rule 26(a)(2)(B), containing, among other things, a statement of the opinions the witness will express, the basis and reasons for the opinions, the facts or data considered by the witness, the exhibits used to summarize or support the opinions. Accordingly, Wells will not be entitled to rely upon Coker's expert opinions in any motion, hearing, or trial in this case. FED. R. CIV. P. 37(c)(1). Wells is further warned that, in making any other expert disclosures, she must comply with the dictates of the Federal Rules and any other orders from this court pertaining to expert witness disclosures. Failure to do so may result in those disclosures being struck and her being precluded from relying upon the expert opinions.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant's motion to strike the Plaintiff's expert witness Don Coker (DN 95) is **GRANTED** and Plaintiff is **PRECLUDED from relying on the opinion of proposed expert witness Don Coker in any motion, hearing, or trial in this case**.

June 6, 2012

Charles R. Simpson III, Judge
United States District Court

D03